## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Lucille L. Brooks,**

          **Plaintiff,**

**v.**                                   **Case No. 15-9245-JWL**

**Niagara Credit Solutions, Inc.,**

          **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Lucille L. Brooks filed a state court petition against Niagara Credit Solutions, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant thereafter removed the case to federal court. This matter is now before the court on defendant's motion to dismiss plaintiff's petition for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) (doc. 6). In analyzing that motion, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007))).

Consistent with this standard, the following well-pleaded allegations, taken from plaintiff's petition, are accepted as true for purposes of defendant's motion. In her state court petition, plaintiff alleges that defendant is a debt collector for purposes of the FDCPA. Plaintiff

alleges that defendant, on August 21, 2014, sent a demand letter to plaintiff in an attempt to collect a debt.  According to plaintiff, defendant sent the letter to plaintiff in an envelope that displayed plaintiff's account number through the address window such that the account number was visible to the public.  Plaintiff asserts that defendant's use of plaintiff's account number on the envelope violates 15 U.S.C. § 1692f(8), which prohibits debt collectors from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8).  In support of her claim, plaintiff relies in large part on a recent opinion from the United States Court of Appeals for the Third Circuit in which the Third Circuit squarely held that a debt collector's disclosure of a debtor's account number on an envelope violates the FDCPA. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

Defendant moves to dismiss the claim on the grounds that, even assuming that an account number was visible through the window of the envelope, no violation of the statute occurred because the account number did not suggest that the contents of the letter related to the collection of a debt.  Defendant, in support of its motion, relies on numerous federal district court cases that have disagreed with the Third Circuit's analysis in *Douglass* and have held that the display of an internal account number does not violate § 1692f(8) because it does not disclose the recipient's debtor status.  As will be explained, the court declines to follow the *Douglass* opinion (which, of course, it is not bound by) and concludes that defendant's use of plaintiff's account number through the envelope's glassine window does not violate the FDCPA. Defendant's motion to dismiss is granted.

Congress enacted the FDCPA in 1977 with the express purpose to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (quoting 15 U.S.C. § 1692(e)).  The FDCPA regulates interactions between consumer debtors and "debt collectors" and, toward that end, imposes three broad prohibitions.  *Id.* (citing *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002)).  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* (quoting 15 U.S.C. § 1692d).  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* (quoting 15 U.S.C. § 1692e).  Finally, and pertinent to the issue before the court today, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* (quoting 15 U.S.C. § 1692f).  The prefatory text of § 1692f—the prohibition against unfair or unconscionable means to collect a debt—introduces an explanatory listing of examples of such practices, and includes the use "of any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer . . . except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." *Id.* § 1692f(8).

In interpreting § 1692f(8), the court may not look beyond the plain meaning of the statute unless the statute is ambiguous or the interpretation produces an absurd result.  *See Dalzell v. RP Steamboat Springs, LLC*, 781 F.3d 1201, 1220 (10th Cir. 2015); *Caplinger v. Medtronic, Inc.*,

3

784 F.3d 1335, 1338 (10th Cir. 2015). When read in isolation, § 1692f(8) appears to prohibit any and all markings on a debt collection envelope other than the names and addresses of the parties. *See Goswami v. American Collections Enterprise, Inc*., 377 F.3d 488, 493 (5th Cir. 2004). Indeed, some courts have found that a literal application of § 1692f(8) prohibits the inclusion of the recipient's name and address, yielding "the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether." *Gardner v. Credit Management LP*, 2015 WL 6442246, at *2 (S.D.N.Y. Oct. 23, 2015) (collecting cases). But even if § 1692f(8) does not yield an absurd result, *see Peter v. GC Services, LP*, 310 F.3d 344, 351 (5th Cir. 2002) (the language "use of mails" within the provision implies that mail is an appropriate form of communication between collection agencies and debtors and necessarily for those items that are necessary for an envelope to move through the mails such as recipient's name and address), the statute is nonetheless ambiguous such that the court may look to legislative history for guidance in interpreting the provision. For when § 1692f(8) is read together with the prefatory text of § 1692f, then the provision is reasonably read to prohibit only those markings on the outside of envelopes that are unfair or unconscionable, such as markings that would signal that it is a debt collection letter and tend to humiliate, threaten, or manipulate debtors. *Goswami*, 377 F.3d at 493; *Schmid v. Transworld Systems, Inc*., 2015 WL 5181922, at *3 (N.D. Ill. Sept. 30, 2015) (when 1692f(8) is read with prefatory text, the ban only applies to language or symbols that actually communicate something to the debtor). As numerous other courts have done, then, the court looks beyond the language of the statute for guidance.

In *Goswami v. American Collections Enterprise, Inc*., 377 F.3d 488 (5th Cir. 2004), the Fifth Circuit determined that § 1692f(8) was ambiguous and interpreted that provision to allow benign or harmless language, like "priority letter," to appear on an envelope containing correspondence from a debt collector to a consumer.  In so holding, the Fifth Circuit looked to both the Federal Trade Commission's commentary on the statute and the legislative history concerning § 1692f(8).  *Id*. at 493-94.  As explained by the Fifth Circuit, the FTC interprets § 1692f(8) to allow benign language on a debt collection envelope and permits the use of words or notations "that do not suggest the purpose of the communication."  *Id*. at 494 (citing *FTC Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988)).  The *Goswami* court further explained that the Senate report on the bill "makes clear that § 1692f(8) was intended merely to prevent debt collectors from embarrassing debtors by announcing the delinquency on the outside of a debt collection letter envelope:"

> A debt collector is prohibited from using any unfair or unconscionable means to collect debts. The following enumerated practices are violations:  .  .  .  . communicating information about a debt by postcard; and using symbols on envelopes indicating that the contents pertain to debt collection.

*Id*. (quoting S. Rep. No. 95–382, at 8 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702).  The Fifth Circuit, then, held that a debt collector's use of the phrase "priority letter" was innocuous and not barred by the FDCPA because the phrase did not suggest that the contents of the envelope pertained to debt collection and was not threatening or embarrassing.  *Id*.

Similarly, the Eighth Circuit in *Strand v. Diversified Collection Service, Inc*., 380 F.3d 316, 318-19 (8th Cir. 2004) held that a debt collector did not violate § 1692f(8) by including a corporate logo and the words "personal and confidential" and "immediate reply requested" on a

debt collection envelope.  Affirming the district court's grant of the debt collector's motion to dismiss under Rule 12(b)(6), the Eighth Circuit reasoned that the letters and symbols on the envelope were benign insofar as they did not reveal that the contents of the envelope pertained to debt collection.  *Id.* at 317.  The Circuit observed that Congress's intent in protecting consumers would not be promoted by prohibiting benign language because the purpose of § 1692f(8) was to prevent the use of symbols or language indicating that the contents pertain to debt collection.  As summarized by the Eighth Circuit:

> As a matter of law, however, we conclude the language and symbols were benign because they did not, individually or collectively, reveal the source or purpose of the enclosed letters. Even from the perspective of an unsophisticated consumer, the envelopes must have appeared indistinguishable from the countless items of so-called junk mail found daily in mailboxes across the land.

*Id.* at 319.

While the Tenth Circuit has not yet had the opportunity to adopt the so-called "benign language" exception to § 1692f(8), it has alluded to such an exception in connection with the FDCPA's provision against debt-collector communications with third parties.  *See Marx v. General Revenue Corp.*, 668 F.3d 1174 (10th Cir. 2011).  In *Marx*, the Circuit held that an internal account number on a facsimile sent by a debt collector to a debtor's employer to verify wage information did not violate the FDCPA because a "communication" for purposes of the FDCPA must indicate to the recipient that the message relates to the collection of a debt.  *Id.* at 1177.  The Circuit expressly rejected the argument that the account number on the facsimile rendered the facsimile a "communication" because the account number could not reasonably be construed to imply a debt.  *Id.*  As explained by the Circuit, the account number did not convey any information at all—"[i]t is a jumble of numbers, designed for internal identification

6

purposes, the functional equivalent of a bar code." *Id.* at 1183.  Ultimately, then, the Circuit held that the facsimile did not constitute a communication because it conveyed no information whatsoever about a debt, regardless of the presence of the account number.  *Id*. at 1177.  While not directly on point, *Marx* certainly suggests that the Tenth Circuit, if faced with the issue, would likely decide that the presence of an account number on a debt collection envelope would not reveal that the contents of the envelope related to debt collection.  Indeed, at least one district court has relied on *Marx* in the context of applying the benign language exception under § 1692f(8).  *See Douglass v. Convergent Outsourcing*, 963 F. Supp. 2d 440, 446 (E.D. Penn. 2013) (finding *Marx* persuasive and concluding that the presence of an account number on an envelope does not show that the communication is related to debt collection).

Moreover, numerous federal district courts have squarely addressed the issue and, extending *Goswami* and *Strand,* have concluded that a debt collector's use of an internal account number on a debt collection envelope is benign and not violative of § 1692f(8) because an account number, without more, does not suggest that the contents of the envelope pertain to debt collection.  *Gardner v. Credit Management LP*, 2015 WL 6442246, at *3 (S.D.N.Y. Oct. 23, 2015) ("benign language" exception applies to § 1692f(8) and internal account number visible through glassine window falls within exception); *Schmid v. Transworld Sys., Inc*., 2015 WL 5181922, at *4 (N.D. Ill. Sept. 4, 2015); *Perez v. Global Credit & Collection Corp*., 2015 WL 4557064, at *3 (S.D.N.Y. July 27, 2015); *Gelinas v. Retrieval-Masters Creditors Bureau, Inc*., 2015 WL 4639949, at *3 (W.D.N.Y. July 22, 2015); Davis v. MRS BPO, LLC, 2015 WL 4326900, at *5 (N.D. Ill. July 15, 2015); *Gonzalez v. FMS, Inc*., 2015 WL 4100292, at *5 (N.D. Ill. July 6, 2015).

Of course, as highlighted by plaintiff, not every court has held that the appearance of an internal account number on a debt collection envelope is benign. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014), relied upon by plaintiff, involved an envelope that displayed, through a glassine window, both the debtor's account number and a quick response ("QR") code which, when scanned by a device such as a smart phone with the requisite application, revealed the debtor's name and a monetary amount corresponding to the amount of the alleged debt. *Id*. at 300–01. The district court, relying in part on the Tenth Circuit's opinion in *Marx*, applied the benign language exception and granted summary judgment in favor of the debt collector on the grounds that the account number did not indicate that the contents related to debt collection and that no reasonable fact finder could determine from the "incomprehensible" string of digits revealed after the QR code had been scanned that the series represented a sum of money plaintiff owed to a third party. *Douglass v. Convergent Outsourcing*, 963 F. Supp. 2d 440, 448 (E.D. Penn. 2013).

The Third Circuit reversed the district court's decision and, in doing so, declined to address whether § 1692f(8) contains a benign language exception. 765 F.3d at 303. Rather, the Circuit held that, even assuming the existence of such an exception, the plaintiff's account number was not benign because it was a "core piece of information pertaining to [plaintiff's] status as a debtor and Convergent's debt collection effort." *Id*. The Circuit distinguished *Goswami* and *Strand* on the grounds that the language analyzed in those cases did not implicate the privacy concerns raised by the appearance of an account number which, according to the

Circuit, was capable of identifying the plaintiff as a debtor.  *Id* at 305-06.[1]  Aside from those district courts bound by the Third Circuit, one federal district court has agreed with *Douglass*'s analysis.  *See Adkins v. Financial Recovery Servs., Inc.*, 2015 WL 5731842, at *3 (N.D. Ill. Sept. 30, 2015).

The court declines to follow the *Douglass* opinion.  In light of the Tenth Circuit's decision in *Marx*, the court finds it unlikely that the Tenth Circuit would conclude that the presence of an account number, without more, would implicate the privacy concerns highlighted by the Third Circuit or that the number, standing alone, would be sufficient to identify plaintiff as a debtor.  Thus, while plaintiff urges that the court need not decide whether a benign language exception exists because her account number, as a matter of law, is not benign, the court cannot conclude that the Tenth Circuit would find the account number "not benign."  In fact, *Marx* suggests that the Circuit would find a "benign language" exception to § 1692f(8) and that an internal account number falls within that exception.  Plaintiff (or defendant, for that matter) does not address the Tenth Circuit's decision in any respect.

The court is also persuaded by the clear majority of cases that have found a "benign language" exception to § 1692f(8) and have concluded that the presence of an internal account number on a debt collection envelope falls within that exception.  Both the legislative history and the FTC commentary clearly state that § 1692f(8) is intended to prohibit markings on the outside of debt collection envelopes that suggest that the contents of the envelope pertain to debt collection.  While a "very determined snoop, with the help of extrinsic research" might

---

[1] The Third Circuit seems to have made a factual finding that the plaintiff's status as a debtor can be determined from an internal account number.

9

conceivably be able to determine from the account number that the contents pertain to debt collection, *see Schmid*, 2015 WL 5181922, at \*5, the statute prohibits only those markings that might "intimate" to those who glimpse at the envelope that it pertains to debt collection. *See id*. (citing *Goswami*, 377 F.3d at 494). An internal account number, without more, simply cannot suggest to an observer that the envelope contains debt collection correspondence. Moreover, an internal account number has far less potential to disclose plaintiff as a debtor than a Google search of the debt collector's return address. *See Gardner*, 2015 WL 6442246, at \*5. If § 1692f(8) were concerned "with the display of information that could, if diligently investigated, disclose a recipient's debtor status, it would not permit return addresses—or, arguably, use of the mails—at all." *Id*. But the Act permits this information, as well as the collection agency's name, so long as the name, on its face, does not indicate that the sender is in the debt collection business. *See id*. (citing 15 U.S.C. § 1692f(8)).

For the foregoing reasons, the court concludes that defendant's display of plaintiff's account number through the address window of the debt collection envelope is benign and does not violate the FDCPA. The motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 13) is **granted**.

**IT IS SO ORDERED.**

Dated this 6th day of November, 2015, at Kansas City, Kansas.

10

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge